N/S/I

1   JANUARY SCHOFIELD

2   25001 Magic Mountain Pkwy. #620

3   Valencia, CA. 91355

4   (661) 369-3206

5   **PLAINTIFF IN PRO PER**

6



FILED
CLERK, U.S. DISTRICT COURT

8/7/22

CENTRAL DISTRICT OF CALIFORNIA
BY:_____EEE_____DEPUTY

7        **UNITED STATES DISTRICT COURT**

8        **CENTRAL DISTRICT OF CALIFORNIA**

9                                    2:22-CV-05590-DSF-MAR

10

11   JANUARY SCHOFIELD, an

12   individual

13              PLAINTIFF

14        v.

15

16   COUNTY OF LOS ANGELES, a

17   municipal entity; JUDY THOMAS,

18   individually and in her official

19   capacity as a social worker for the

20   Los Angeles County Department of

21   Children and Family Services;

22   KAREN LA, individually and in her

23   official capacity as a social worker

24   for the Los Angeles County

25   Department of Children and Family

26   Services; SANDRA CHAVEZ,

27   individually and in her official

28   capacity as a social worker for the

Case No:

_____

COMPLAINT FOR DAMAGES

1) 42 U.S.C. § 1983
2) Monell
3) Cal. Civ. Code § 52.1
   Pendent Tort Claims

**<u>JURY TRIAL DEMANDED</u>**

1  Los Angeles County Department of
2  Children and Family Services;
3  WENDY CONTRERAS, individually
4  and in her official capacity as a
5  social worker for the Los Angeles
6  County Department of Children and
7  Family Services; JULIET MACIAS,
8  individually and in her official
9  capacity as a social worker for the
10 Los Angeles County Department of
11 Children and Family Services;
12 LINDA FLORES, individually and in
13 her official capacity as a social
14 worker for the Los Angeles County
15 Department of Children and Family
16 Services; VERONICA
17 BETANCOURT-PAREZ, individually
18 and in her official capacity as a
19 social worker for the Los Angeles
20 County Department of Children and
21 Family Services; ARNESHA
22 ALLEN, individually and in her
23 official capacity as a social worker
24 for the Los Angeles County
25 Department of Children and Family
26 Services; BERNADETTE HENLEY,
27 individually and in her official
28 capacity as a social worker for the

1  Los Angeles County Department of
2  Children and Family Services.
3
4            DEFENDANTS

5
6            COMPLAINT FOR DAMAGES
7
8  PLAINTIFF, RESPECTFULLY REPRESENTS AND ALLEGES AS
9  FOLLOWS:
10
11  ‖ » INTRODUCTION
12      1.    Pursuant to an order of the Superior Court of Los Angeles
13  County, arising from acrimonious juvenile dependency proceedings,
14  Susan Schofield ("Susan") lost custody of her minors, January
15  Schofield ("Jani") and B.S. (collectively "the children"). In this
16  subsequent civil rights action brought under 42 U.S.C. § 1983, Jani
17  sues the County of Los Angeles and employees of their Department
18  of Children and Family Services ("DCFS"). Defendants' Judy Thomas,
19  Karen La, Sandra Chavez, Wendy Contreras, Juliet Macias, Linda
20  Flores, Veronica Betancourt-Parez, Arnesha Allen, and Bernadette
21  Henley (collectively "Defendant Social Workers"), lied, falsified
22  evidence, and suppressed exculpatory evidence—all of which was
23  material to the dependency court's decision to deprive Jani of her
24  right to familial association and to bodily integrity—and they did so
25  with malice.
26      2.    This action seeks compensatory and punitive damages from
27  Defendants for violating various rights under the United States
28  Constitution and state law in connection with the unjustified, grossly

1   excessive, and thereby, entirely unreasonable, use of force inflicted
2   upon Jani.

3

4   ‖ » JURISDICTION & VENUE

5   3.    This action arises under Title 42 of the United States Code,
6   § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers
7   jurisdiction upon this Court. The unlawful acts and practices alleged
8   herein occurred in the County of Los Angeles, California, which is
9   within the judicial district of this Court.

10   4.    Venue is proper in this Court under 28 U.S.C. § 1391(b)
11   because Defendants are believed to reside in this district and all
12   incidents, events, and occurrences giving rise to this action occurred
13   in this district.

14

15   ‖ » PARTIES

16   5.    Plaintiff JANUARY SCHOFIELD (hereinafter "Plaintiff") has
17   been, and is, a resident of the state of California and is a United
18   States Citizen.

19   6.    Susan Schofield ("Susan") and Michael Schofield ("Michael")
20   are the natural biological parents of plaintiff (born 08-08-2002) and
21   B.S. (born 12-2007).

22   7.    The children lived with both parents until 2015, when, in his
23   own words, Michael "'could not take it anymore' and 'was not happy'
24   because he was 'just taking care of the kids.'" He moved out to be
25   with his then current girlfriend, remarried, and, in early 2016, relocated
26   to Minnesota.

27   8.    Susan married her current husband ("Cory") in 2017. He was
28   devoted to Susan,  and the children and was a supportive, steadying

1  force.

2  9.   Prior to the involvement of the County of Los Angeles

3  Department of Family and Children's Services ("DCFS") and the

4  individual Defendants named herein below in the life of Plaintiff, she

5  enjoyed all of the love, mutual affection, and support of a normal

6  familial relationship with her mother, Susan and stepfather, Cory.

7  10.  At all times relevant herein, prior to the wrongful removal and

8  continued detention of plaintiff and B.S. from Susan's care by

9  Defendants, Cory and Susan, raised, nurtured, provided guidance, and

10  cared for plaintiff and B.S., and from their parents plaintiff and B.S.

11  received the parents nurturing care, comfort, unwavering physical and

12  emotional support and love.

13  11.  At all times prior to the wrongful removal and continued

14  detention of the children by Defendant, the family members enjoyed

15  the company, society, and companionship, and the entirety of the

16  panoply of rights of familial association with each other, until such

17  time as the involvement of DCFS by and through its employee

18  Defendants named herein below. At that time, in March 2019, there

19  commenced a proceeding in the County of Los Angeles' juvenile

20  dependency division of the Superior Court of California involving this

21  entire family; this proceeding will be referred to herein as the "juvenile

22  case" and/or "juvenile matter" from time to time.

23  12.  On June 23, 2022, Plaintiff's mother, Susan Schofield, filed

24  suit in connection with the allegations asserted in this Complaint

25  herein. Case Number: 2:22-cv-04332-JGB (AS). Hereinafter, Plaintiff

26  refers to her mother's Complaint, Docket 1 as ("Susan's Complaint").

27

28                                      A  Defendant County of Los Angeles

January Schofield   v. County of Los Angeles,
et al.                                    PG. 5                    Case No:
                              COMPLAINT FOR DAMAGES

13. Defendant COUNTY OF LOS ANGELES ("County") is a municipality in corporate form, organized and existing under the laws of the State of California. The Department of Children & Family Services ("DCFS") is a COUNTY governmental agency organized and existing pursuant to the law and policies of Defendant COUNTY, which together with COUNTY, promulgated, encouraged, and/or permitted the policies, practices, and customs pursuant to which the individual Defendants, and DOES 1 - 10, committed the acts or omissions complained of herein, and of which policies, practices, customs, and/or procedures, and/or complete or inadequate failure to train, whether or not such policies, practices, and customs were promulgated in written form, encouraged, or allowed to persist by Defendant COUNTY. COUNTY condoned, ratified, and ignored without remediation the conduct of the individual social worker Defendants as such conduct is detailed and complained of herein.

14. Plaintiff hereby sues all agencies and departmental units of COUNTY specified hereinabove under the designation of COUTY herein, and/or interchangeably with DCFS at times.

15. As the employer of social workers and their supervisors, COUNTY and/or DCFS had primary responsibility for the training, education, and supervision of social workers, emergency response workers, dependency intake workers, placement workers, and all other DCFS personnel, and DCFS supervisors.

16. Plaintiff contends that the policies, practices and procedures of DCFS, as well as the non-existent or inadequate training of DCFS social workers as set forth hereinbelow, as well as DCFS' failure to take any remedial steps to change the culture of an agency which the name of "child protection" routinely violates the constitutional rights

1  of families, and ensnares them in the juvenile dependency system in
2  the County of Los Angeles, were the moving force and/or causative
3  factor behind the treatment of plaintiff as alleged hereinbelow.

4      17. Plaintiff has included herein, a Claim for Relief based on
5  *Monell* liability of the COUNTY. The *Monell* liability of the COUNTY
6  applies to each of the Claims for Relief alleged against the individual
7  Defendant-employees set forth in this Complaint unless otherwise
8  specified, as their actions and failures to act are the basis for the
9  constitutional violations complained of herein under federal regulatory,
10 statutory, or decisional law.

11     18. Such *Monell* liability exists based on the following policies,
12 practices, and customs, and are the result of those policies, practices,
13 or customs, but Plaintiff is informed and believes and also includes
14 no training or inadequate training to prepare social workers for
15 recurring circumstances in cases of this nature that DCFS investigates
16 and files Welfare & Institution 300 code-based Petitions upon in the
17 juvenile dependency court were a moving force behind the violations
18 of constitutional rights complained of herein.

19

20                                    **B** Initial Monell Claims

21     19. **(A)** COUNTY has a policy, custom, or practice, of including
22 false allegations, inflating and exaggerating partially true allegations
23 into misrepresentations, and omitting facts and circumstances
24 exculpatory to allegations, in the Welfare & Institutions Code 300
25 Petitions, and Applications for Warrants filed by social workers (and
26 other juvenile court filings), which behaviors are done with social
27 worker supervisor approval, and engaged in to support efforts to
28 obtain judicial approval of otherwise unlawful removals of children

1 and/or continue separation of children from their parent(s).

2    20. In the juvenile dependency case involving this Plaintiff,
3 adherence to such policy, custom or practice manifested in the filing
4 of the original W&IC 300 Petition, the application for a protective
5 custody warrant to remove Plaintiff and B.S., and representations
6 made and information withheld in subsequent "reports" and "Last
7 Minute Information(s)" provided to the juvenile dependency Court
8 during the juvenile case, each of which included materially false
9 representations of fact and/or omitted material facts, as well as
10 including half-truths. These falsehoods, misrepresentations, and
11 omissions are set forth in further detain in the "Factual Allegations"
12 section of this Complaint.

13    21. This same manifestation of a policy, custom, or practice has
14 also been found to exist in another ongoing case in this California
15 Central District Court; *Hernandez v. County of Los Angeles et al.*,
16 Case No. CV21-07858, and *Scanlon, et al. v. County of Los Angeles,*
17 *et al.*, Case No. CV18-07759.

18    22. This nefarious conduct has persisted for decades with DCFS
19 without remediation, discipline, or reprimand.

20    23. Prior to the advent of actually knowing of the existence of
21 protective custody warrants and learning about how to obtain
22 protective custody warrants – rather than just removing children without
23 a warrant – which were developments occurring in late 2010 with the
24 COUNTY's initial warrant trainings – the fraudulent representations,
25 omissions of exculpatory evidence and inclusion of half-truths occurred
26 in the first instance upon inception of a juvenile dependency case,
27 which for purposes herein is reference to filing documents with the
28 Court in the form of a W&IC 300 Petition and Detention Reports.

24. However, after the advent of warrant training, the panoply of fraudulent representations, omissions of exculpatory evidence and inclusion of half-truths were moved "forward," into the applications for protective custody warrants and often accompanying W&IC 300 Petitions, which are submitted on an ex-parte basis without advance notice to parents, and that practice, like all the other nefarious conduct aforesaid and to follow, continues to this day without remediation by COUNTY.

25. **(B)** COUNTY also has a policy, custom, or practice of using a department/unity known as the "IDC" unit for preparing Petitions, be they original Petitions for situations when children have or have not been detained, or situations where the Petition is submitted with or in association with a request for a warrant, and also when children have already been removed without a warrant.

26. Pursuant to the COUNTY's policies, practices, and customs, the IDC worker is not required to do any personal investigation whatsoever or of any kind, into the claims and allegations leveled against the parent(s) in the Petition submitted to the court. These same circumstances of conducting no personal investigation of any kind, and additionally engaging in a routine practice of inflating and exaggerating allegations to create a leveraged situation for settlement discussions with parents (wherein there are increased opportunities to get the parent or parents to agree to "lesser" charges in exchange for submitting to continued jurisdiction by the court and therefore DCFS involvement in family's lives), occur as a matter of practice.

27. Known cases involving all manner of DCFS social workers (Emergency Response, Dependency Investigator, IDC workers, etc.) inclusion of false statements, misrepresentations and half-truths, the

omission of material exculpatory or mitigating information in Applications for protective Custody Warrants, W&IC 300 Petitions, Detentions/ Jurisdiction/ Supplemental/ Last Minute / Progress Reports, as happened in the juvenile case involving this family occurred in the cases of In re: Aeylias L. and Amalay L. (Superior Court of Los Angeles, Case #CK86618), In re: Angelo B. and Ione B. (Superior Court of Los Angeles, Case #CK83235), In re: Adam A. and Kaitlyn H. (Superior Court of Los Angeles, Case #CK71064), In re: Edward B. (Superior Court of Los Angeles, Case #BD501338), In re: Shealy R., Angela V. and Edward B. (Superior Court of Los Angeles, Case #LK05073), In Bryanna G. and Kathy G. (Superior Court of Los Angeles, Case #CK87119).

28.  The inclusion of false facts, misrepresenting facts, and omitting facts favorable to the parents and/or contrary to the proposition a child[ren's] parents is an ingrained, widespread, un-remediated practice in COUNTY, and the moving force behind the constitutional violations that were visited upon this family.

29.  The IDC worker for the COUNTY, when preparing a Petition, is not even required to contact the actual investigating social worker, which fact has been confirmed in depositions in subsequent civil rights cases involving a number of juvenile dependency matters cited above.

30.  The IDC worker then signs the Petition, which is signed pursuant to penalty of perjury, despite no personal knowledge of a single alleged fact contained in the Petition; another aspect of the policy, practice, or custom confirmed in depositions in civil rights cases involving the juvenile matters cited above.

31.  The actual investigating social worker, usually the Emergency Response investigator who actually did firsthand investigation of some

1  sort, is not required to sign the Petition which is signed pursuant to
2  penalty of perjury, and this is true for each of the juvenile dependency
3  cases cited hereinabove.

4

5  **C** Individual Defendant Social Workers

6  32. Defendant JUDY THOMAS (hereinafter "Defendant Thomas")
7  was a social worker for the Los Angeles County Department of
8  Children and Family Services and is sued individually and in her
9  official capacity.

10  33. Defendant KAREN LA (hereinafter "Defendant La") was a
11  social worker for the Los Angeles County Department of Children and
12  Family Services and is sued individually and in her official capacity.

13  34. Defendant SANDRA CHAVEZ (hereinafter "Defendant Chavez")
14  was a social worker for the Los Angeles County Department of
15  Children and Family Services and is sued individually and in her
16  official capacity.

17  35. Defendant WENDY CONTRERAS (hereinafter "Defendant
18  Contreras") was a social worker for the Los Angeles County
19  Department of Children and Family Services and is sued individually
20  and in her official capacity.

21  36. Defendant JULIET MACIAS (hereinafter "Defendant Macias")
22  was a social worker for the Los Angeles County Department of
23  Children and Family Services and is sued individually and in her
24  official capacity.

25  37. Defendant LINDA FLORES (hereinafter "Defendant Flores")
26  was a social worker for the Los Angeles County Department of
27  Children and Family Services and is sued individually and in her
28  official capacity.

38. Defendant VERONICA BETANCOURT-PAREZ (hereinafter "Defendant Betancourt-Parez") was a social worker for the Los Angeles County Department of Children and Family Services and is sued individually and in her official capacity.

39. Defendant ARNESHA ALLEN (hereinafter "Defendant Allen") was a social worker for the Los Angeles County Department of Children and Family Services and is sued individually and in her official capacity.

40. Defendant BERNADETTE HENLEY (hereinafter "Defendant Henley") was a social worker for the Los Angeles County Department of Children and Family Services and is sued individually and in her official capacity.

### D Doe Defendants

41. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 10, and therefore sues them by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained and their roles in this actions/ inactions, malfeasance/ misfeasance, and conspiracy/ conspiracies alleged herein are known.

42. Plaintiff is informed and believes and based upon such information and belief, allege that at all times herein mentioned, the individually named Defendants hereinabove, and DOES 1-10, were each the agent of each other, and/or employees of their co-defendant COUNTY, and each of Defendants was acting within the scope, purpose, and authority of their employer, COUNTY, and with the knowledge permission and consent of one or more of their co-

January Schofield   v. County of Los Angeles, et al.    PG. 12    Case No:

COMPLAINT FOR DAMAGES

1  defendants.

2      43.  Plaintiff specially allege that Defendant THOMAS conspired to

3  submit the perjurious and fraudulent application for protective custody

4  warrant, and to pursue the removal of Plaintiff and B.S. even though

5  she was fully aware there was not a single allegation, nor basis in

6  fact, for the children being removed from their mother, Susan

7  Schofield.

8

9  ‖ » ADMINISTRATIVE PREREQUISTES

10     44.  Plaintiff is required to comply with administrative tort claim

11  requirement under California law. Plaintiff filed a claim against the

12  County of Los Angeles that was endorsed by the County on April 12,

13  2022. The County did not respond to the claim. The County of Los

14  Angeles effectively rejected Plaintiff's claims. Plaintiff has exhausted

15  all administrative remedies pursuant to California Government Code

16  Section 910.

17

18  ‖ » PRELIMINARY ALLEGATIONS

19     45.  The County of Los Angeles is a public entities and is being

20  sued under Title 42 U.S.C. § 1983 for violations of the First and

21  Fourth Amendments of the United States Constitution, California state

22  law, the California Tort Claims Act, and the Government Code for the

23  acts and omissions of Defendants DOES 1 through 50, and each of

24  them, who at the time they caused plaintiff's injuries and damages

25  were duly appointed, qualified, and acting social workers, employees,

26  and/or agents of the County and acting within the course and scope

27  of their employment and/or agency.

28     46.  Each of the Defendants caused and is responsible for the

unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and social workers, supervisors, medical providers and employees under their direction and control.

47. Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1 through 50, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendant individually, jointly, or severally.

## ‖ » FACTUAL ALLEGATIONS

48. Plaintiff and B.S. have serious, complex, and confounding mental developmental, and behavioral problems. They required one-on-one to two-on-one attention and constant supervision due to their impulsivity, agitation, assaultiveness, and self-injurious behaviors.

49. Plaintiff was diagnosed in 2009 with childhood onset schizophrenia. Childhood schizophrenia is the most serious mental health condition a child can have. Plaintiff was described as "extremely smart," with an I.Q. in the superior range.

50. B.S. was diagnosed with autism spectrum disorder, psychotic disorder, and intermittent explosive disorder. In May 2019, he was diagnosed with autism spectrum disorder with accompanying intellectual and language impairment and intermittent explosive

disorder, and the diagnosis of psychotic disorder was dropped. He is developmentally delayed.

51.  Plaintiff incorporates by reference Susan's Complaint at ¶ 29-42.

52.  On March 6, 2019, defendant social worker Thomas on behalf of DCFS, filed a protective custody warrant application and declaration seeking authorization to remove plaintiff from the loving care of her mother, pursuant to section 340(b) of California's Welfare and Institution Code. Thomas' application stated that the children were "in danger" of abuse; that their "physical environment pose[d] a threat to the child(ren)'s health or safety"; and that there were "no reasonable means by which the child(ren) [could] be protected without temporary removal from the physical custody of the parents or guardians." The front page of Thomas' 55-page declaration never listed any "Summary Concerns" on the cover sheet nor in any other page of the document.

53.  The conclusion of Thomas' Declaration stated, "Based upon my 23 years of experience as a social worker investigating over 240 child abuse-referrals, this social worker believes, the conduct of mother, which includes, but is not limited to, exaggerating and misrepresentation of symptoms resulting in over-medication of the children, [B.S.] and [Plaintiff]. Said general neglect endangers the physical and emotional well-being of the children such that the children are at risk of suffering emotional or physical harm. As such, the children need to be removed from mother, Susan Schofield and released to non-offending parent, Michael Schofield, in order to ensure the children's safety and to protect the children from the endangering or detrimental conduct of the mother."

54.  On March 6, 2019, the juvenile court found that it had

jurisdiction over the children under section 300 of California's Welfare and Institution Code, and issued a protective custody warrant pursuant to section 340, authorizing the removal of the two children (Plaintiff and B.S.) from their mother.

55.  On March 12, 2019, defendant social worker Thomas on behalf of the Department filed a petition which alleged that the children are at substantial risk of suffering serious physical harm [sec. 300, subd. (b)(1)] as a result of the mother's failure or inability to supervise or protect them adequately and inability to provide regular care due to the parent's mental illness. To be specific, the allegations on the petition read as follows:

    a. **B-1**: The child, J.S. is diagnosed with Schizophrenia. The mother, Susan D. Schofield, failed to provide the child with ongoing and necessary treatment for the child's medical condition in that the mother overmedicated the child and/or failed to administer the child's medication as prescribed. Such medical neglect of the child on the part of the mother endangers the child's physical health and safety, and places the child at risk of serious physical harm, damage, and danger.

    b. **B-2**: The child B.S. is diagnosed with Autism, Psychosis, and Intermittent Explosive Disorder. The mother, Susan D. Schofield, failed to provide the child with ongoing and necessary treatment for the child's medical condition in that the mother over-medicated the child and/or failed to administer the child's medication as prescribed. Such medical neglect of the child on the part of the mother endangers the child's physical health and safety, and

January Schofield   v. County of Los Angeles, et al.    PG. 16    Case No:

COMPLAINT FOR DAMAGES

places the child at risk of serious physical harm, damage and danger.

c. **B-3**: The children, J.S. and B.S.'s mother, Susan D. Schofield, placed the children in a detrimental and endangering situation in that the mother and the father, Michael Schofield have engaged in an ongoing custody dispute, which includes the mother subjecting the children to numerous unnecessary appointments with medical professionals to manipulate the children's mental and emotional diagnoses and choice of prescription medications. The mother has limited the father's telephone contact with the children. The mother failed to keep the father informed of any changes and updates regarding the children's medical conditions. Further, the mother has exposed the children to numerous media interviews and videos, against the father's wishes. The detrimental and endangering situation created for the child by the mother endangers the child's physical health and safety and places the child at risk of serious physical harm, damage, and danger.

d. **B-4**: The children, J.S. and B.S.'s mother, Susan D. Schofield has mental and emotional problems, including a diagnosis of bipolar disorder, which render the mother unable to provide regular care for the children. Such mental and emotional problems on the part of the mother, endanger the children's physical health and safety and place the children at risk of serious physical harm, damage and danger.

56. Plaintiff believes that each of these allegations were directly

from her father as a form of abuse against Susan and also believed to be retaliation by Defendant Thomas for challenging a removal with a lawsuit for wrongful removal and publicly announcing the wrongful acts of a removal over Susan's children when Susan confronted Defendant Thomas a few nights prior to the issuing of the protective custody warrant.

57. Defendant Thomas made intentionally false and/or fabricated and/or misleading statements in the application and declaration. Among these statements, Thomas misleadingly indicated that the children should be "detained from [their] mother" to be placed with their father, Michael, as a result of "exaggerating and misrepresentation of symptoms resulting in over-medication of the children, [B.S.] and [plaintiff]" even though Defendant Thomas knew in fact that Susanfollowed doctors' orders and was willing to follow any other alternative the department may recommend except for the removal of her children without a reasonable explanation. Furthermore, there was never a doctor's statement alleging that the children were over-medicated and/or failure to administer the child's medication as prescribed. The children's doctor was not concerned and there was in fact blood work tests to prove that the children were within normal parameters.

58. The application also falsely stated that there were no other reasonable means to protect the children other than removal and that DCFS had "made reasonable efforts to prevent removal."

59. Defendant Thomas intentionally mislead the court through a rushed, same day order, to show the juvenile court that the children would be in danger of a severe medical emergency in an ex-parte setting. However, as Defendant Thomas stated on February 27, 2019,

1  "I know you follow doctors' orders." Furthermore, as stated on that
2  same call, Susan was willing to be observed by Defendant Thomas
3  or any other social worker with a psychiatrist of Thomas' choosing to
4  clear up the false allegations to prevent a removal of her children.

5  60.  Defendant Thomas knew or should have known that plaintiff
6  was not in danger at the issuing of the protective custody warrant
7  and failed to return plaintiff to the care, custody, and control of plaintiff
8  in violation of CA Welf & I C § 309. There was no reason to remove
9  and/or continue the removal of plaintiff from her mother.

10  61.  Defendant social worker Judy Thomas violated Susan's
11  statutory right to be fairly noticed and the opportunity to be heard on
12  March 6, 2019 at the ex-parte hearing where plaintiff and her brother
13  were ordered to be removed from Susan's care, custody, and control.

14  62.  "To the extent the order is an order for immediate temporary
15  detention of the child, the conditional removal order encroaches on
16  the Legislature's specific directive to the social worker to assess the
17  risk to the child in the home, and disregards the factual findings
18  necessary for protective detention." In re C.M. (2017) 15 Cal.App.5th
19  376, 389. To detain a child in protective custody, the focus must be
20  exclusively on the question whether the child is in imminent danger
21  of physical or sexual abuse, or the physical environment poses an
22  immediate threat to the child's health or safety. (§§ 305, subd. (a),
23  306, subd. (a)(2).)

24  63.  A social worker has the authority to detain a child in protective
25  custody if there is reasonable cause to believe the child is in imminent
26  danger of physical or sexual abuse or the physical environment poses
27  an immediate threat to the child's health or safety. (§§ 305, subd.
28  (a), 306, subd. (a)(2).) Before taking a minor into custody, the

January Schofield  v. County of Los Angeles, et al.    PG. 19    Case No: _____

COMPLAINT FOR DAMAGES

Legislature directs the social worker to consider whether the child can remain safely in his or her residence. The consideration of whether the child can remain safely at home shall include, but is not limited to, whether there are any reasonable services available to the worker which, if provided to the minor's parent, would eliminate the need to remove the minor from the custody of his or her parent. (§ 306, subd. (b).) (Procedural Safeguards)

64.  To the extent the protective custody order purports to remove the care, custody, and control of a dependent child from the child's parent and place it with the court, the proper inquiry is whether there is clear and convincing evidence of a substantial danger to the child's physical health , safety, protection, or physical, or emotional well-being in parental custody and there are no reasonable means by which the minor's physical health can be protected without removing the child from his home. (In re Paul E., supra, 39 Cal.App.4th at pp. 1003-1004, 46 Cal.Rptr.2d 289.).

65. The protective custody order thus contravenes specific statutory requirements for notice and the opportunity to be heard (§§ 387, 290.1), the burden and standard of proof (§ 361, subd. (c)(1)), and the factual findings required to remove a dependent child from the custody of his or her parent. (Ibid.; § 387; Kimberly R., supra, 96 Cal.App.4th at p. 1077, 117 Cal.Rptr.2d 670.).

66.  When plaintiff was detained on March 8, 2019, she was taken off of all medication. She remained off medication for the duration of the juvenile court proceedings without the benefit of a new psychiatric evaluation and treatment recommendations. Plaintiff was detained in shelter care at Wayfinder. On April 9, 2019, she was placed in Maryvale Residential Therapeutic Treatment Program ("Maryvale")

January Schofield   v. County of Los Angeles, et al.    PG. 20    Case No:

COMPLAINT FOR DAMAGES

where her mental and physical health severely deteriorated until she was returned home with her mother (plaintiff) after aging out of the system.

67. Plaintiff incorporates by reference Susan's Complaint at ¶ 58-64.

68. Defendant social workers Judy Thomas, Karen La, Sandra Chavez, Wendy Contreras, Juliet Macias, Linda Flores, Veronica Betancourt-Parez, Arnesha Allen, and Bernadette Henley each signed records to the juvenile court in connection to the removal and/or continued removal of the children to mislead the information about the wellbeing of plaintiff or her brother in furtherance of the original false and/or fabricated and/or misleading allegations and/or claims asserted against Susan.

69. Defendant Social Workers refuse to correct these false, fabricated, and/or misleading claims asserted against Susan to remove and/or continue the removal of plaintiff and B.S.

70. Plaintiff incorporates by reference Susan's Complaint at ¶ 67.

71. On August 6, 2020, plaintiff was returned home when she turned 18, her DCFS case was closed out and she has been restored to her prior medication and is now mentally and physically stable. B.S. is still in the system. His last psychiatrist said that he was currently on comparable levels of medication as when he was taken from the home and there is no avenue left for the plaintiff to redress.

72. Plaintiff incorporates by reference Susan's Complaint at ¶ 69-73.

73. During the incident(s), the Defendant Social Workers worked together as a group to back each other up, provide tacit approval for the incident, and support, assist, and encourage one another's actions.

January Schofield   v. County of Los Angeles, et al.    PG. 21    Case No:

COMPLAINT FOR DAMAGES

74. Each of the Defendant Social Workers failed to intervene or prevent harm when their colleagues were depriving plaintiff of her constitutional rights as stated in this Complaint.

75. By failing to intervene, each of the Defendant Social Workers additionally violated plaintiff's constitutional rights as stated in this Complaint.

76. The actions and omissions of County and Defendant Social Workers were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as social workers and/or public officials, and pursuant to unconstitutional customs, policies, and procedures of the County and/or other jurisdictions.

77. Plaintiff is informed, believes, and thereon alleges that County and DOES 26 through 50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Social Workers. Their failure to discipline Defendant Social Workers, inclusive, demonstrates the existence of an entrenched culture, policy, or practice of promoting, tolerating and/or ratifying with deliberate indifference, the making of improper removals, and continued removals of children, the failure to investigate false allegations, and the fabrication of official reports to cover up Defendant Social Workers' misconduct.

78. Plaintiff is informed and believes and thereon alleges that members of DCFS, including, but not limited to Defendants Social Workers and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable removals and continued removals of children against individuals, including, but not

1  limited to plaintiff.

2  79. Plaintiff is informed and believes and thereon alleges that
3  County knew, or had reason to know by way of actual or constructive
4  notice, of the aforementioned policy, culture, pattern and/or practice
5  and the complained of conduct and resultant injuries/violations.

6  80. At all material times, and alternatively, the actions and
7  omissions of each Defendant were conscience-shocking, reckless,
8  deliberately indifferent to Plaintiff's rights, negligent, and objectively
9  unreasonable.

10

11  ‖ » DAMAGES

12  81. As a consequence of Defendants' violations of plaintiff's federal
13  civil rights under 42 U.S.C. §1983 under the First and Fourteenth
14  Amendments, plaintiff was physically, mentally, emotionally, and
15  financially injured and damaged as a proximate result of Defendants'
16  wrongful conduct.

17  82. Plaintiff is entitled to punitive damages under 42 U.S.C. §§
18  1983 and 1988.

19

20  # FIRST CAUSE OF ACTION
21  ## (42 U.S.C. Sections 1983)

22
23  **VIOLATION UNDER** THE UNITED STATES CONSTITUTION –
24  VIOLATION OF CIVIL RIGHTS

25  **FIRST AND FOURTH AMENDMENT VIOLATIONS** against
26  Defendant Social Workers, Defendant Menke, and DOES 1 – 50,
27  Inclusive.

28  83. Plaintiff realleges, and incorporates herein as if set forth in

full, paragraphs 1 – 83 of this Complaint.

84.  42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

COUNT 1: <u>PROCEDURAL DUE PROCESS AND FAMILIAL ASSOCIATION</u>

BY PLAINTIFF AGAINST DEFENDANTS SOCIAL WORKERS AND DOES 1 – 25, INCLUSIVE

85.  Under circumstances of this case, outlined above, plaintiff had the right to familial association guaranteed under, without limitations, the First and Fourth Amendments of the United States, which right is "clearly established" such that a reasonable social worker in Defendants' situation would know it's wrong to interfere in a parent's right to remain with its children in the absence of exigent circumstances, and that such right may not be impinged upon without first obtaining a warrant or other lawful court order to do so.

86.  It is equally well established that a person in plaintiff's position has a constitutional right to the care, custody, and control of her children pursuant to court orders obtained by fraud or artifice.

87.  In the absence of exigent circumstances, and without any evidence to suggest that J.S. and B.S. was in imminent danger of

suffering serious bodily injury in the hands of plaintiff, Defendants, and each of them, acting under the color of law, agreed, and/or conspired to deceive the juvenile dependency court in order to obtain an order authorizing the removal and continued removal of J.S. and B.S. from plaintiff's care, custody, and control. Thereafter, Defendants, and each of them acting on aforesaid scheme, did unlawfully remove J.S. and B.S. from plaintiff's care, custody, and control. Defendants' conduct was without proper justification or authority, and without probable cause, consent, exigency, or lawfully obtained court order. Further, Defendants' actions were taken with deliberate indifference to plaintiff's rights.

88. As a direct result and proximate result of these Defendants' actions, plaintiff has suffered, and will continue to suffer economic, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial.

89. Defendant Social Workers are vicariously responsible for the conduct of each other and DOES 1 through 25, inclusive, under applicable statutory and case law.

90. On information and belief, Defendant Social Workers, and DOES 1 through 25, inclusive, and each of them acted with malice and with the intent to cause injury to plaintiff and her children, or acted with a willful conscious disregard of the rights of plaintiff in a despicable, vile, fraudulent, and contemptible manner. Therefore, plaintiff is entitled to an award of punitive damages for the purpose of punishing these defendants, and each of them, and to deter them and others from such conduct in the future.

COUNT 2: SUBSTANTIVE DUE PROCESS, THE RIGHTS TO BE

FREE FROM THE USE OF DECEPTION IN JUDICIAL PROCEEDINGS, AND FAMILIAL ASSOCIATION

BY PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS AND DOES 1 THROUGH 50, INCLUSIVE

91. Plaintiff is informed and believes and thereon alleges that the right to familial association guaranteed under the First and Fourth Amendment is "clearly established" such that a reasonable social worker in Defendants' situation would know it is unlawful to remove a child from the care, custody, and control of its parents or to question, threaten, or examine in the absence of exigent circumstances. In addition, there is a clearly established due process right not to be subjected to false accusations on the basis of false evidence that was deliberately fabricated by the government such that a reasonable social worker in Defendants' situation would know it is unlawful to lie, fabricate evidence, and/or suppress exculpatory evidence in sworn affidavits, sworn petitions, court reports or Juvenile Dependency Petitions filed with the court.

92. In doing the things alleged hereinabove, Defendants and each of them, interrupted and impaired the familial rights of plaintiff by unlawfully removing her children from her care, custody and control and continuing to detain her children despite their knowledge that her children were removed and detained based on Defendants' lies, suppression, and fabrication.

93. In doing the things alleged hereinabove, Defendants, and each of them, were acting under color of state law. They did these things without proper justification or authority, and without probable cause, or exigency. Further, Defendants' actions were taken with deliberate

1   indifference to plaintiff's due process rights and/or rights to
2   uninterrupted familial association and/or privacy.

3       94.  Defendants, and each of them, maliciously conspired to violate
4   the civil rights of plaintiff, including violation of plaintiff's rights under
5   the Fourth Amendment of the United States Constitution, by, but not
6   limited to, removing, detaining, and continuing to detain, plaintiff's
7   children from her care, custody, and control without proper or just
8   cause and/or authority; by subjecting plaintiff's minor children to
9   physical examinations without consent, authority, or the presence of
10  plaintiff; by the use of coercion and duress to obtain evidence and
11  testimony; and by maliciously falsifying evidence, and presenting
12  fabricated evidence to the court, and maliciously refusing to provide
13  exculpatory evidence during the pendency of the dependency
14  proceedings in violation of Government Code § 820.21, and violating
15  the Constitutional rights of plaintiff.

16      95.  By these actions, Defendants, and each of them, interfered
17  and/or attempted to interfere with plaintiff's constitutional rights to
18  familial association under the Fourth Amendment.

19      96.  As the direct and proximate result of these Defendants' actions,
20  plaintiff has suffered, and will continue to suffer economic, physical,
21  mental, and emotional injury, all to an extent and in an amount subject
22  to proof at trial.

23      97.  On information and belief, Defendants, and each of them acted
24  with malice and with the intent to cause injury to plaintiff, or acted
25  with a willful and conscious disregard of the rights of plaintiff in a
26  despicable, vile, and contemptible manner. Therefore, plaintiff is
27  entitled to an award of punitive damages only against the individual
28  defendants for the purpose of punishing them and to deter them and

1  others from such conduct in the future.

2

3      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

4

5  ## SECOND CAUSE OF ACTION

6  **(42 U.S.C. SECTIONS 1983 – MONELL-RELATED CLAIMS)**

7
8  **VIOLATION UNDER** THE UNITED STATES CONSTITUTION –

9  VIOLATION OF CIVIL RIGHTS

10     **MONELL** against County of Los Angeles and Does 26 – 50.

11

12  98.  Plaintiff realleges, and incorporates herein as if set forth in

13  full, paragraphs 1 – 102 of this Complaint.

14  99.  Defendant County of Los Angeles and its entity, Department

15  of Children and Family Services, established and/or followed policies,

16  procedures, customs, usages and/or practices (hereinafter referred to

17  collectively as "policy" or "policies") which policies were the moving

18  force behind the violations of plaintiff's constitutional rights as alleged

19  hereinabove, including those arising under the First and Fourth

20  Amendments to the United States Constitution, by and through, but

21  not limited to, the following policies, practices, customs, and/or

22  procedures:

23      c. the custom of detaining and/or removing children from their

24         family and homes without exigent circumstances (imminent

25         danger of serious physical injury), lawful court order and/or

26         consent;

27      d. the custom of removing children from their family and their

28         homes without first obtaining a warrant or other lawful court

---

order when no exigency exists;

e. the custom of examining/drugging (medically)/un-medicating children without exigency, need, or proper court order, and without the presence and/or consent of their parent or guardian;

f. the custom of removing and detaining children, and continuing to detain them for an unreasonable period after any alleged basis for detention is negated;

g. the custom of using trickery, duress, fabrication and/or false testimony and/or evidence, and in failing to disclose exculpatory evidence, in preparing and presenting reports and court documents to the Court, causing an interference with the plaintiff's rights, including those as to familial relations; and

h. by causing with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train its officers, agents, employees, and state actors, in providing the constitutional protections guaranteed to individuals, including those under the First and Fourth Amendments, when performing actions related to child abuse and dependency type proceedings.

i. By acting with deliberate indifference in implementing a policy of inadequate supervision, and/or by failing to adequately supervise its officers, agents, employees, and state actors, in providing the constitutional protections guaranteed to individuals, including those under the First and Fourth Amendments, when performing actions related to child abuse and dependency type proceedings.

January Schofield   v. County of Los Angeles, et al.    PG. 29    Case No:

COMPLAINT FOR DAMAGES

j.   The policy of making false allegations in a Juvenile Dependency Petitions, i.e., alleging that a parent has failed to protect a child under Welfare and Institutions Code § 300(b), where there is no evidentiary basis to support the charges. Such a similar practice by Los Angeles County has been enjoined by court order all with a deliberate indifference to the rights of the accused parent and the affected children. With regard to this particular practice, plaintiff alleges on information and belief that the conduct of Defendants in this case is not an "isolated incident." Rather, it is a well-established custom, practice, and usage of the agency and its workers of which the County has knowledge yet has deliberately failed to ameliorate the problem through the promulgation of policies to regulate the conduct of its social workers. Moreover, the County has failed to implement training and oversight for its workers to prevent them from engaging in such unconstitutional conduct.

100. On information and belief, plaintiff alleges that the above policies and practices are part and parcel of an effort by the County to fraudulently boost its intervention statistics in order to obtain greater State and Federal funding for its social services programs.

101. Los Angeles County breached its duties and obligations to plaintiff by, including but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs, and practices; by failing to properly select, supervise, train, control, and review its agents and employees as to their compliance with Constitutional safeguards with deliberate indifference; and by

knowingly, or with deliberate indifference, permitting Defendant Social Workers to engage in the unlawful and unconstitutional conduct as herein alleged.

102. County knew, or should have known, that by breaching the above-mentioned duties and obligations that it was foreseeable that said failure would and did, cause plaintiff to be injured and damaged, and her constitutional rights to be impaired, by wrongful policies and acts as alleged herein, and that such breaches occurred in contravention of public policy and Defendants' legal duties and obligations to plaintiff; and that such policies, practices, customs and procedures were the moving force behind the constitutional violations alleged herein above.

103. These actions, and/or inactions of County were the direct and proximate cause of plaintiff's injuries as alleged herein; and as a result, plaintiff has sustained general and special damages, to an extent and in an amount to be proven at trial.

# THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE §52.1

**CA CIVIL CODE §52.1** against Defendant Social Workers.

104. Plaintiff realleges, and incorporates herein as if set forth in full, paragraphs 1 – 108 of this Complaint.

105. Defendant Social Workers' above-described conduct constituted interference, and attempted interference, by threats, intimidation, and coercion, with plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the

1    State of California, in violation of California Civil Code §52.1.

2    106. As a direct and proximate result of Defendant's violation of

3    Civil Code § 52.1, plaintiff suffered violations of her constitutional

4    rights, and suffered damages as set forth herein.

5    107. Plaintiff is entitled to treble damages, but in no case less than

6    $4,000.00 pursuant to Civil Code §52(a).

7    108. Under the provisions of California Civil Code §52(b),

8    Defendants are liable for punitive damages for each violation of Civil

9    Code §52.1 and an additional $25,000.00.

10

11          WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

12

13          FOURTH CAUSE OF ACTION

14                    **BATTERY**

15    **BATTERY** against Defendants Social Workers, and DOES 1-25,

16                      Inclusively.

17

18    109. Plaintiff realleges, and incorporates herein as if set forth in

19    full, paragraphs 1 - 113 of this Complaint.

20

21    110. The conduct alleged herein was done in willful, malicious,

22    intentional, deliberate, or reckless disregard of plaintiff's constitutionally

23    protected rights, welfare, and safety.

24    111. Defendants' conduct caused plaintiff to suffer physical injury,

25    emotional distress, pain and suffering, loss of income, medical

26    expenses, fear, trauma, and humiliation, and further damages

27    according to proof at the time of trial.

28

WHEREFORE, Plaintiff prays for relief as hereinafter set forth in this cause of action and each count described below.

# FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED")

**IIED** against Defendants Social Workers, and DOES 1-25, Inclusively.

112. Plaintiff realleges, and incorporates herein as if set forth in full, paragraphs 1 - 124 of this Complaint.

113. Defendants' conduct as described herein was outrageous.

114. Defendants intended to cause plaintiff emotional distress.

115. Defendants acted with reckless disregard of the probability that plaintiff would suffer emotional distress.

116. Defendants' conduct as described herein was a substantial factor in causing plaintiff's severe emotional distress.

117. Defendants' conduct caused plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

118. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

# SIXTH CAUSE OF ACTION

January Schofield  v. County of Los Angeles, et al.    PG. 33    Case No:

COMPLAINT FOR DAMAGES

# NEGLIGENCE

**NEGLIGENCE** against Defendants Social Workers, and DOES 1-50, Inclusively.

119. Plaintiff realleges, and incorporates herein as if set forth in full, paragraphs 1 – 131 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

120. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendant Social Workers and/or private citizen Defendants were acting within the course and scope of their employment and/or agency with Defendant County. As such Defendant County is liable in respondent superior for the injuries caused by the acts and omissions of Defendant Social Workers and/or private citizen Defendants pursuant to section 815.2 of the California Government Code.

121. Defendant Social Workers are liable for failing to intervene when fellow officers and/or social workers violate the constitutional rights of another.

122. Plaintiff was harmed, and Defendants' negligence was a substantial factor in causing her harm.

123. Defendants' conduct caused plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## » JURY DEMAND

124. Plaintiff hereby demands a jury trial in this action.

## » PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

**#1.:** For corrective action;

**#2.:** For general damages in a sum according to proof;

**#3.:** For special damages in a sum according to proof;

**#4.:** For punitive damages in a sum according to proof as to all of the individual Defendants;

**#5.:** For any and all statutory damages allowed by law;

**#6.:** For cost of suit herein incurred;

**#7.:** For a reasonable process to correct the resulting damages;

**#8.:** For injunctive and declaratory relief; and

**#9.:** For such other and further relief as the Court deems just and proper.

## » CERTIFICATE AT CLOSE

125. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being pretended for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if, specifically so

January Schofield  v. County of Los Angeles, et al.   PG. 35   Case No:

COMPLAINT FOR DAMAGES

1  identified, will likely have evidentiary support after a reasonable
2  opportunity for further investigation or discovery; and (4) the complaint
3  otherwise complies with the requirements of Rule 11.

4  126. I agree to provide the Clerk's Office with any changes to my
5  address where case-related papers may be served. I understand that
6  my failure to keep a current address on file with the Clerk's Office
7  may result in the dismissal of my case.

8
9
10                                                    JANUARY SCHOFIELD
11                                                    PRO SE LITIGANT
12
13
14  DATED: AUGUST 6, 2022              *January Schofield*
15                                      JANUARY SCHOFIELD
16                                      PRO SE LITIGANT
17
18
19
20
21
22
23
24
25
26
27
28