1  Jon F. Monroy, SBN 51175
   Jennifer E. Gysler, SBN 143449
2  MONROY, AVERBUCK & GYSLER
   200 N. Westlake Blvd., Ste 204
3  Westlake Village, CA 91362
   (818) 400-4812
4
   Attorneys for Defendants, COUNTY OF LOS ANGELES;
5  JUDY THOMAS; KAREN LA;
   WENDY CONTRERAS; JULIET MACIAS;
6  LINDA FLORES; VERONICA BETANCOURT-PEREZ

7

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  JANUARY SCHOFIELD, an          )  Case No.: 2:22-CV-05590-JGB (AS)
    individual,                    )
12                                 )  CASE MANAGEMENT REPORT BY
                                   )  COUNTY DEFENDANTS
13          Plaintiffs,            )
        vs.                        )
14                                 )
    COUNTY OF LOS ANGELES, et al.  )
15                                 )
                                   )
16          Defendants.            )
                                   )
17                                 )
                                   )
18  ─────────────────────────────  )

19        COMES NOW, COUNTY OF LOS ANGELES, and its employee social

20  workers, JUDY THOMAS; KAREN LA; WENDY CONTRERAS; JULIET

21  MACIAS; LINDA FLORES; VERONICA BETANCOURT-PEREZ  (hereinafter

22  "County Defendants") submits the following case management report.

23

24

25

**A. DESCRIPTION OF FACTUAL AND LEGAL ISSUES.**

Plaintiff January Schofield (an adult) has filed suit alleging Civil Rights Violations (42 USC §1983 & Monell), Civil Code §52.1, arising out of a child abuse investigation resulting in the filing of a dependency action and her removal from her mother, Susan Schofield.  Susan Schofield has a similar lawsuit pending in federal court (Case No. 2:22-CV-04332-JGB (AS).  The family background:  On March 8, 2019, January and her brother B.S., were removed from their parents.  It is alleged the children have "serious, complex and confounding mental developmental and behavioral problems".  The dependency case is ongoing.   A tort claim was filed on behalf of January, albeit late.  Plaintiff seeks general and special damages, and punitive damages

The legal issues pertain to the propriety of the removal of plaintiff  and whether the County defendants violated plaintiff's civil rights and were deliberately indifferent. Plaintiff also has a Monell in which she must prove that the County's policies and procedures were the driving force behind any alleged constitutional violations. The County defendants have filed an Answer asserting denials of the allegations as well as qualified immunity on behalf of the individually named defendants.  There is also the question of whether this Honorable Court should abstain while the dependency action is pending.

## B. DISCOVERY PLAN

The parties must file a WIC 827 petition with the Juvenile Court to obtain key juvenile court / DCFS records. A Petition under Welfare & Institutions Code Section 287 is needed for access / use of dependency court & DCFS records in this lawsuit.

Concurrent with the filing of this report, County Defendants will be filing with the Juvenile Court, a Petition for Disclosure pursuant to California Welfare & Institutions Code, Section 827, to obtain and utilize the Department of Children & Family Services (DCFS) records regarding the subject child abuse investigations and dependency case files, out of which this lawsuit arises.

The Juvenile Court is the gatekeeper for the protection and utilization of juvenile case file materials outside of the dependency court system, including files of the DCFS. Until the Juvenile Court releases these documents, the parties are limited in terms of discovery, because most, if not all, of the issues in this lawsuit pertain to the actions of the DCFS and the allegations of misconduct against the social workers while conducting their dependency investigations.

An 827 Petition was filed in the Susan Schofield litigation which is currently pending.

New 827 Petition Procedure: The Juvenile Court instituted a new procedure for requesting Juvenile Dependency records as of July 10, 2023.  The parties who

are permitted access by statute can file a Declaration in Support of Petition for

Access with the DCFS requesting redacted records.  Once received said party can

file an 827 Petition with the redacted records, requesting use of the records in the

litigation.  Once the petition is filed, the dependency court will review the records

and determine which records shall be permitted by use by the Juvenile Court.

Once the Juvenlie Court reviews the petition and records, the petitioning party will

be provided an Order and redacted documents.  These records would include

suspected child abuse reports, investigative materials, case activity logs, and court

documents.

Upon receipt of the order from the dependency court and the release of these

documents, the defense will prepare a protective order to limit use of the

documents within the confines of this lawsuit. Afterwards, both sides may

exchange documents, and conduct written and oral discovery in this regard. The

petition process is estimated to take approximately six months from the time of the

filing of the petition.

Due to the need for the petition process to be completed, the parties cannot

begin discovery in earnest until the order and records are obtained from the

juvenile court.

Once discovery commences, the County Defendants will depose the plaintiff

and all necessary witnesses, and seek pertinent school and medical records of the

children, and any other records identified by plaintiff in response to written discovery.

## C. **ANTICIPATED MOTIONS.**

The County defendants anticipate making a motion for summary judgment based on the merits as well as qualified immunity on behalf of the County and all employees sued in this matter.

## D. **ANTICIPATED WITNESSES**

Anticipated witnesses include all parties to this action, as well as the plaintiff and her family, treating clinicians and physicians, and other witnesses to be identified in discovery.

## E. **TRIAL ESTIMATE**

County Defendants anticipate a lengthy trial if they are unsuccessful in their motion for summary judgment, simply due to the number of defendants named in the matter and the complexities of the dependency case.  Currently we estimate this to be 10 to 14 days.

## F. **SETTLEMENT POTENTIAL**

This is unknown at present.  Defendants believe they will prevail in a summary judgment motion.  However, any demands for settlement made by plaintiff will be communicated to the County.

## G. **OTHER INFORMATION.**

As noted herein, the underlying dependency court records are statutorily protected from disclosure and the parties must petition the dependency court for said records, in order to have them released for use in this case.  That process can take approximately six months.

DATED:  August 24, 2023               MONROY, AVERBUCK & GYSLER


_Jennifer E. Gysler_____.
JON F. MONROY
JENNIFER E. GYSLER
Attorneys for County Defendants

PROOF OF SERVICE
**STATE OF CALIFORNIA – COUNTY OF LOS ANGELES**
**CCP 1013(A)**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 200 N. Westlake Blvd., Suite 204, Westlake Village, CA 91362.

On August 24, 2023, I caused to be served the foregoing document described as on the interested parties in this action as follows:

CASE MANAGEMENT REPORT BY COUNTY DEFENDANTS

[ ] **By telecopier:**  By transmitting an accurate copy via telecopy to the person and telephone number as follows:

[ x] by placing [  ] the original  [  ] a true copy thereof enclosed in sealed envelopes addressed as follows:

January Schofield
25001 Magic Mountain Pkwy, #620
Valencia, CA 91355

[X] per ECF System
[ X ] **BY MAIL:**
[  ]    I deposited such envelope in the mail at Westlake Village, California.  The envelope was mailed with postage thereon fully prepaid.
[ X  ] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under the practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Westlake Village, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
 [  ]    **BY PERSONAL SERVICE:**  I caused such envelope to be delivered by hand, to addressee or offices of addressee.
[]    **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[X ]    **(FEDERAL)**        I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

**Executed on August 24, 2023, at Westlake Village, California.**

Jennifer Gysler          *Jennifer Gysler*          .

Case Management Report

- 7