Jon F. Monroy, SBN 51175
Jennifer E. Gysler, SBN 143449
MONROY, AVERBUCK & GYSLER
200 N. Westlake Blvd., Ste 204
Westlake Village, CA 91362
(818) 400-4812

Attorneys for Defendants, COUNTY OF LOS ANGELES;
JUDY THOMAS; KAREN LA;
WENDY CONTRERAS; JULIET MACIAS;
LINDA FLORES; VERONICA BETANCOURT-PEREZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANUARY SCHOFIELD, an individual, <br><br> Plaintiffs, <br> vs. <br> COUNTY OF LOS ANGELES, et al. <br><br> Defendants. | Case No.: 2:22-CV-05590-JGB (AS) <br><br> OPPOSITION TO MOTION TO COMPEL BY COUNTY DEFENDANTS |

COMES NOW, COUNTY OF LOS ANGELES, and its employee social workers, JUDY THOMAS; KAREN LA; WENDY CONTRERAS; JULIET MACIAS; LINDA FLORES; VERONICA BETANCOURT-PEREZ (hereinafter "County Defendants") and hereby submits the following opposition to Plaintiff's Motion to Compel.

## 1. PLAINTIFF'S GENERAL COMPLAINTS ABOUT THE LAW AS IT PERTAINS TO JUVENILE COURT MATTERS AND HOW THE JUVENILE COURT CONDUCTS HEARINGS AND TRIALS, IS NOT RELEVANT HERE.

Much of plaintiff's filing (Doc. 60), is an indictment of the Juvenile Court system and the statutes which govern dependency proceedings. The statutes cited by plaintiff are currently the law in California. In the event plaintiff feels a judgment was entered against her as a result of an unconstitutional statute or the improper application of the law, that would be the subject of an appeal in the Juvenile Court case and not the subject of a separate lawsuit filed in Federal Court.

It is well-settled that federal district courts lack subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). This Court is one of limited jurisdiction; the district courts of the United States are *not* courts of appeals for state-court decisions and *may not* directly review the decrees and judgments of a state court. *MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987) ("Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts."); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (district court lacks subject matter jurisdiction where

federal plaintiff "essentially asked the federal court to review the 'state court's denial in a judicial proceeding'" of his constitutional claim); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2000) ("...district courts lack power to hear direct appeals from state court decisions[ and] they must decline jurisdiction whenever they are in essence being called upon to review the state court decision."); *Allah v. Superior Court*, 871 F.2d 887, 891 (9th Cir. 1989) (district court lacks subject matter jurisdiction where federal plaintiff "requested the district court to conduct a direct review of the state court's judgment and to scrutinize the state court's application of various rules and procedures pertaining to his case[.]"); *Worldwide Church of God v. McNair*, 805 F.3d 888, 892-93 (9th Cir. 1986) (district court lacks subject matter jurisdiction over *de facto* appeal where federal plaintiffs sought to directly challenge the correctness of a state court decision).

Likewise, citing a Florida study from 1999-2000, and referencing prior lawsuits against the County of Los Angeles and other counties, involving complaints about Juvenile Court proceedings is also not relevant here.

**2. THE PARTIES SHOULD FOLLOW THE WIC 827 PROCESS AND SPECIFICALLY THE NEW PROCESS REFERENCED IN DEFENDANT COUNTY'S CASE MANAGEMENT STATEMENT.**

Plaintiff filed this case in August 2022 and thereafter, prior to serving the lawsuit, sought leave to file an amended complaint. Leave was granted and plaintiff requested an extension to file the amended complaint. Plaintiff filed the amended complaint on January 10, 2023. A summons was issued in May 2023 and the County Defendants answered in June 2023. Maryvale answered in June 2023 as well. The parties filed Case Management Reports in August 2023. Although the case is over a year old, it was only recently served and became at issue.

It is a little early in the process to be trying to sidestep the Juvenile Court 827 Petition process which has been revamped to help expedite matters. It is not clear if plaintiff has filed a petition. By way of her motion, plaintiff is asking the Federal Court to issue an Order to the Juvenile Court to release records and to waive all of the privacy protections of those involved and of third parties and ignore any other privileges that may apply, and seeking an order to compel the County of Los Angeles to produce the statutorily protected records in unredacted form, in its possession as well. There are statutory protections against releasing information pertaining to non-party minors that may appear in dependency records as well as the identities of those who make reports of suspected child abuse. However, there are also California statutes which impose liability for making false child abuse reports. Plaintiff's argument that there be no redactions in the records

to be produced by the Juvenile Court (or County DCFS) is not well reasoned. Further, there may be applicable privileges related to the Constitutional right to privacy and attorney client / attorney work product privileges which are extant in Federal common law that would apply to portions of these records.

The above issues demonstrate why the Juvenile Court is the most appropriate gatekeeper for the release of these records.

Defense counsel herein has been defending these types of cases for decades and has also experienced frustration with the Juvenile Court due to the delays. Defense counsel was pleased to see the revision of the process as noted in its Case Management Report.  The Juvenile Court receives requests from many different sources for records, including the criminal courts, civil courts, media and private parties for a variety of reasons.  These external pressures along with the complications of the Courts losing staff during the pandemic, all help to create these issues we deal with on a day to day basis.

At this point, the defense sees no advantage in trying to compel the Juvenile Court to release Juvenile Case file materials without at least attempting to use the newly revamped Juvenile Court petition process.  The County Defendants have no control over the Juvenile Court and does not have the ability to compel the Juvenile Court to act more quickly on its petitions verses petitions filed by other

parties. The Juvenile Court records must be obtained from the Juvenile Court. Of course the County DCFS has its reports and case activity logs, all of which are sent to the Juvenile Court for review before they are released pursuant to the WIC 827 statute.

The County Defendants suggest we allow the 827 process to go forward at least for now and that we report to the Court when the 827 order is received, and/or after a period of four months. If this Honorable Court determines that it must intercede, we can revisit it at that point in time. A suitable protective order, such as that issued by the Juvenile Court, would need to be in place, and suitable redactions would be necessary in accordance with state law and federal laws.

DATED: October 30, 2023            MONROY, AVERBUCK & GYSLER

                                                      _Jennifer E. Gysler_            .
                                                      JON F. MONROY
                                                      JENNIFER E. GYSLER
                                                      Attorneys for County Defendants

# PROOF OF SERVICE
## STATE OF CALIFORNIA – COUNTY OF LOS ANGELES
## CCP 1013(A)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 200 N. Westlake Blvd., Suite 204, Westlake Village, CA 91362.

On October 30, 2023, I caused to be served the foregoing document described as on the interested parties in this action as follows:

OPPOSITION BY COUNTY DEFENDANTS

[ ] **By telecopier:**  By transmitting an accurate copy via telecopy to the person and telephone number as follows:

[ x] by placing [   ] the original  [   ] a true copy thereof enclosed in sealed envelopes addressed as follows:

January Schofield
33244 Churchill Street
Lake Elsinore, CA 92530

O'Hagan & Meyer LLP
Counsel for Def. Maryvale through the ECF system
[X] per ECF System
[ X ] **BY MAIL:**
[   ]   I deposited such envelope in the mail at Westlake Village, California. The envelope was mailed with postage thereon fully prepaid.
[ X  ] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under the practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Westlake Village, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
 [   ]    **BY PERSONAL SERVICE:**  I caused such envelope to be delivered by hand, to addressee or offices of addressee.
[]       **(STATE)**     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[ X ]    **(FEDERAL)**         I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.
**Executed on October 30, 2023, at Westlake Village, California.**

Jennifer Gysler          *Jennifer Gysler*                    .