UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 22-05590-JGB (AS) | Date | November 7, 2023 |
|---|---|---|---|
| Title | *January Schofield v. County of Los Angeles, et al.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | Not reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings (In Chambers):**   ORDER RE MOTION TO COMPEL AND REQUEST FOR PROTECTIVE ORDER (DKT. NO. 60)

On October 11, 2023, Plaintiff filed a Motion to Compel the Juvenile Court to release juvenile records pertaining to her case and an accompanying Protective Order ("Motion"). (Dkt. No. 60, 60-1). On October 30, 2023, Defendants filed their opposition to the Motion. (Dkt. Nos. 66-67).

Plaintiff, proceeding *pro se*, is suing the County of Los Angeles, employees of the County's Department of Children and Family Services ("DCFS"), and six social workers, alleging that they lied, falsified, and suppressed exculpatory evidence in order to wrongly remove her from her mother's custody when she was a minor. (Dkt. No. 19. at 2, 3). The Juvenile Court maintains DCFS records, including on child abuse investigations and dependency case files at issue in this lawsuit. Welfare & Institution Code ("W&IC") §827 governs the access, release, and use of juvenile case file documents, and proceedings brought to obtain these files constitute an §827 Petition. While it is unclear whether Plaintiff has filed such a Petition, Plaintiff's Motion seeks to avoid the §827 Petition process.

Plaintiff alleges that this Court should compel the Juvenile Court to release the requested records because the §827 Petition process is time-consuming and causes delays in timely litigation, involves numerous improper redactions, results in documents containing hearsay from unknown complaints, and shifts the burden on the requesting party as opposed to the burden-carrying responsibilities found in federal discovery rules. (Dkt. No. 60 at 24).

County Defendants argue that it is premature to attempt to circumvent the §827 Petition process. County Defendants also contend that the redactions that the Juvenile Courts do impose are often statutorily protected, and Plaintiff's Motion to Compel this Court to order the Juvenile Court to release

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 22-05590-JGB (AS) | Date | November 7, 2023 |
|---|---|---|---|
| Title | *January Schofield v. County of Los Angeles, et al.* | | |

the records in completely unredacted form is thus not well reasoned. (Dkt. No. 67 at 4, 5). County Defendants suggest that the §827 Petition process should proceed and that the parties report to the Court when the §827 order is received, and/or after a period of four months. (<u>Id.</u> at 6). The Court agrees with County Defendants that the §827 Petition process should be abided by for the time being. If, after four months, Plaintiff has yet to hear from the Juvenile Courts regarding the requested records, the Court will consider revisiting the issue.

For the reasons set forth above, Plaintiff's Motion to Compel and Request for a Protective Order are **DENIED**.

**IT IS SO ORDERED.**

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | AF | | |