JANUARY SCHOFIELD
1700 Fansa Rd. #429
Duarte, CA 91010
(661) 369-3206
PLAINTIFF IN PRO PER

Jon F. Monroy, SBN 51176
Jennifer E. Gysler, SBN 143449
MONROY, AVERBUCK & GYSLER
200 N. Westlake Blvd., Ste. 204
Westlake Village, CA 91362
(818) 400-4812

Attorneys for Defendants, COUNTY OF LOS ANGELES; JUDY THOMAS; KAREN LA; WENDY CONTRERAS; JULIET MACIAS; LINDA FLORES; VERONICA BETANCOURT-PEREZ

**O'HAGAN MEYER LLP**
ASHLEIGH R. KASPER, SB# 294963
   E-Mail: akasper@ohaganmeyer.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.6005
Attorneys for Defendant MARYVALE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANUARY SCHOFIELD, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF LOS ANGELES, a municipal entity; JUDY THOMAS, individually and in her official capacity as a social worker for the Los Angeles County Department of Children and Family Services; KAREN LA, individually and in her official capacity as a social worker for the Los Angeles County Department of Children and Family Services; WENDY CONTRERAS, individually and in her official capacity as a social worker for the Los Angeles County Department of Children and Family Services; JULIET MACIAS, individually and in her | Case No. 2:22-cv-05590-JGB (ASx)<br><br>**PROTECTIVE ORDER**<br><br>Trial Date:    None Set |

93270865.1

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER

| | |
|---|---|
| 1 | official capacity as a social worker for the Los Angeles County Department of Children and Family Services; LINDA FLORES, individually and in her official capacity as a social worker for the Los Angeles County Department of Children and Family Services; VERONICA BETANCOURT-PAREZ, individually and in her official capacity as a social worker for the Los Angeles County Department of Children and Family Services; MARYVALE, a California Corporation; and DOES 1-15 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | Defendants. |

## PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information, including, but not limited to, production of confidential Los Angeles County Department of Children and Family Services (DCFS) juvenile case files, California juvenile dependency proceedings, and/or other information about minors and others, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, January Schofield ("Plaintiff"), Defendants County of Los Angeles, Judy Thomas, Karen La, Wendy Contreras, Juliet Macias, Linda Flores, and Veronica Betancourt-Perez (collectively "Defendant County") and Defendant Maryvale (collectively "the Parties") hereby stipulate to and petition the Court to grant the following Joint Motion for Stipulated Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section 12.3, below, this Protective Order does not entitle the Parties to file confidential information under seal, the Parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

1. GOOD CAUSE STATEMENT

In light of the nature of the claims and allegations in this case and the Parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  The Parties shall not designate any information/documents as confidential without a good faith belief that such information/documents as confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

2. DEFINITIONS

2.1    Action:  The instant action: January Schofield v. County of Los Angeles. Et al., Case No. 2:22-cv-05590-JGB (AS).

2.2.    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as the support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

/ / /

2.6    Discovery or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

2.10   Outside Counsel for Record:  attorneys who are not employees of a party and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

2.11   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the latter of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

/ / /

/ / /

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on the other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it is designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the

specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must determine which documents also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition as protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

/ / /

/ / /

/ / /

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules ono the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with its Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

///

1   (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or the person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) Plaintiff's educational advocate Hadassah Foster, to the extent disclosure is reasonably necessary for this Action and Ms. Foster signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

/ / /

/ / /

/ / /

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order is issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sough to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subjected to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or person to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work produce protection, the parties may incorporate their agreement into this Protective Order.

12.     MISCELLANEOUS

12.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.  If a Party's request to file

Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (an, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

/ / /

14. <u>VIOLATIONS OF PROTECTIVE ORDER</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

15. <u>EXCHANGE OF JUVENILE CASE DOCUMENTS</u>

Within 90 days of the execution of this Protective Order, the Parties shall conduct a simultaneous exchange of responsive documents to ensure equal access of these materials to all parties in this litigation. In this exchange:

- Defendant Maryvale shall produce all records within its possession and control pertaining to the Juvenile Court matter at issue.
- Defendant County shall produce all juvenile case file documents within its custody as defined under WIC section 827(e) and the applicable California Rules of Court; and
- Plaintiff shall produce all documents in her possession, custody, or control related to any Juvenile Court matter in which she was a party. Should Plaintiff become represented by counsel, such counsel shall be granted access to the exchanged materials.

The Ninth Circuit has recognized that in a civil rights action the district court can order disclosure of a juvenile court file notwithstanding state law. *Gonzalez v. Spencer*, 336 F. 3d 832, 835 (9th Cir. 2003). Although federal courts have found that Welfare & Institutions Code section 827 is not binding in federal lawsuits, federal courts should still weigh the needs of the case versus the State interest in and policy considerations of keeping the contents of the juvenile case file confidential when determining whether records should be disclosed in the federal action. *Estate of Maldonado v. Sec'y of the Cal. Dep't of Corr. & Rehab.*, No. 2:06CV02696-MCE/GGH, 2007 U.S. Dist. LEXIS 91084, at *13-17 (E.D. Cal. Nov. 30, 2007); *Van Horn v Hornbeak*, No. 1:08CV1622 LJO DLB, 2010 U.S. Dist. LEXIS 147669, at *10-13 (E.D. Cal. Mar. 17, 2010); *Doe No. 59 v. Santa Rose City Sch.*, No. 3:16-CV-

012560WHO, 2017 U.S. Dist. LEXIS 29126, at *3-5 (N.D. Cal. Mar. 1, 2017). The Parties state that they have a good faith belief that disclosing the records meets the tests in *Maldonado* and *Doe No. 59*, supra (i.e., they are relevant to the instant action, there is a legitimate need for the records and the need of the disclosure outweighs the State interest and policy considerations of keeping the contents confidential).

The exchange shall occur in-person at the office of Counsel for Defendant Maryvale at a mutually convenient date and time, with the documents provided in hard copy or via a secure electronic link. In the event of any delay, the Parties shall promptly communicate and resolve the issue prior to the expiration of the 90-day deadline. Any party experiencing delay or non-compliance may seek procedural relief from the Court and/or can request an additional status conference in the event of a delay in the production of the records or non-compliance with this stipulation.

The Parties will serve privilege logs concurrent with the exchange of the documents, and which identified the ground(s) for all redactions. The Parties may submit any such documents to the Court for in-camera review if necessary to make a determination as to the validity of any redactions.

16. **RESTRICTIONS ON PUBLICATION OF CONFIDENTIAL DOCUMENTS**.

All Parties are expressly prohibited from posting, disseminating, or otherwise disclosing any documents or portions thereof that have been designated as confidential under this Protective Order on any social media platform or public forum. Any violation of this provision may result in sanctions, including contempt proceedings, as deemed appropriate by the Court.

IT IS SO STIPULATED, THROUGH THE PARTIES AND/OR THEIR COUNSEL OF RECORD.

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| DATED: March 11, 2025 | __/s/ January Schofield_____<br>Plaintiff JANUARY SCHOFIELD |
| DATED: March 11, 2025 | __/s/ Jennifer E. Gysler_____<br>Jennifer E. Gysler<br>Attorneys for Defendants, COUNTY OF LOS ANGELES; JUDY THOMAS; KAREN LA; WENDY CONTRERAS; JULIET MACIAS; LINDA FLORES; VERONICA BETANCOURT-PEREZ |
| DATED: March 11, 2025 | __/s/ Ashleigh R. Kasper_____<br>Ashleigh R. Kasper<br>Attorneys for Defendant, MARYVALE |

FOR GOOD CAUSE SHOWN, THE JOINT MOTION FOR STIPULATED PROTECTIVE ORDER IS GRANTED AND IT IS SO ORDERED.

| | |
|---|---|
| DATED: March 19, 2025 | _____/ s / Sagar_____<br>HON. ALKA SAGAR<br>United States Magistrate Judge |

**ATTESTATION REGARDING ELECTRONIC SIGNATURES**

I, Ashleigh R. Kasper, attest pursuant to Local Rule 5-4.3.4(a)(2)(i) that all other signatories listed, and whose behalf the filing is submitted, concur in the filing's consent and have authorized filing.

DATED:  March 17, 2024            _/s/ Ashleigh R. Kasper_____

                                  Ashleigh R. Kasper
                                  Attorneys for Defendant, MARYVALE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of **January Schofield v. County of Los Angeles et al 2:22-cv-05590-JGB (ASx)**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____